# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            Case Nos.: 8:19-cr-167-WFJ-SPF

DE'TAVEIS RAKEEM ANDREWS
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, De'Taveis Rakeem Andrews, USM#: 71711-018, moves (Dkt. 51) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On January 7, 2020, De'Taveis Rakeem Andrews was sentenced under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) for possession with intent to distribute 50 grams or more of methamphetamine and under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) for felon in possession of a firearm and ammunition. He received 130 months in prison for the methamphetamine count and 60 months for the firearm and ammunition, each to run concurrently with the other. The methamphetamine count carries a statutory minimum of 120 months, or ten years. Dkt. 50 at 8, 10, 11; Dkt. 51 at 2 n.1.

Mr. Andrews' total offense level was 31. He was assessed ten (10) criminal history points, and his criminal history was category V. Dkt. S-47 at 18. Mr.

Andrews' advisory sentencing range was 168–210 months. Dkt. S-41 at 2. He received a below-the-guidelines sentence based on substantial assistance. Dkt. S-41 at 2. The Court granted the Government's 5K1.1 motion and departed downward three levels. *Id.*; Dkt. 50 at 18. In doing so, the Court departed an additional third level to go below the two-level departure requested by the Government. The Bureau of Prisons reports that his projected release is August 23, 2028.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that De'Taveis Rakeem Andrews is eligible for a sentence reduction applying reduced status points. Dkt. S-47 at 2. This case falls under Part A (not Part B for "zero point" offenders). Part A of Amendment 821 provides a retroactive adjustment for offenders under a criminal justice sentence whose criminal history was impacted by "status points." Under U.S.S.G. 4A1.1(e), one point is added (not two points) "if the defendant (1) receives 7 or more points . . . and (2) committed the instant

3

offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

Mr. Andrews received two status points for committing the instant crime while on probation for first degree burglary in Georgia. Dkt. 50 at 10, 11. Because he initially scored ten points, including the two status points, his history points would only be lowered to nine. Dkt. S-47 at 18. According to the USPO, the amended guideline shows a total offense level of 31, a criminal history category of IV, and an advisory sentencing range of 151–188 months. Dkt. S-47 at 2–3. A comparable three-level departure would result in an offense level of 28, criminal history category of IV, and a guideline range of 110–137 months. *Id.* at 3.

The Federal Defender appears, confirms his eligibility for a reduction, and moves unopposed to reduce his sentence to 120 months (a 10-month reduction in sentence). Dkt. 51. Although the USPO suggests a 110-month sentence, as the Federal Defender notes, 120 months is the lowest sentence that may be imposed. Dkt. 51 at 2 n.1. Reduction is limited to 120 months because the substantial assistance motion was filed under 5K1.1, not 18 U.S.C. § 3553(e), and the statutory minimum is 120 months. Dkt. 51 at 2 n.1; Dkt. 50 at 6.

The Court exercises its discretion to deny such a reduction. The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and finds that the factors militate against a reduction. When Mr. Andrews, a Georgia native, was

4

visiting Florida in January 2019, the car he was a passenger in was stopped by Largo police for a moving violation leaving a hotel parking lot. Dkt. 36 at 2. At the time of the stop, Defendant knew he had been convicted in 2014 for first degree burglary. Dkt. 28 at 21. The search of the passenger seat and door revealed a black bag with 224 grams of 99% pure methamphetamine. *Id.* Defendant was 25 years old at the time and admitted to possessing the methamphetamine and the Taurus .38 Special revolver in his jacket pocket the police found during the traffic stop. *Id.*; Dkt. 36 at 2.

The Federal Defender urges this Court to overlook Defendant's post-incarcerated conduct. As stated in the U.S. Probation memorandum under "public safety and post-sentencing information," Defendant has received disciplinary actions during incarceration for disruptive conduct, use of amphetamine, possession of methamphetamine, possession of a weapon, and possession of drug or alcohol. Dkt. S-47 at 3. Nonetheless, Defendant has worked toward development of skills to enter society: his completion of 439 hours of educational classes, primarily in culinary arts. *Id.* While Defendant is to be commended for his hard work in prison, this factor does not warrant that this sentence be further reduced. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A). The sentences courts impose (and the sentences courts reduce)

5

have an effect upon deterrence (*see id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. De'Taveis Rakeem Andrews' motion (Dkt. 51) for a reduction in sentence is **DENIED**.  His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on October 6, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE